UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

RODNEY A. BOVAIN,

Plaintiff,

-against-

WOODBURY AUTOMOTIVE WAREHOUSE ENTERPRISES, LLC and BRIAN SCARANTINO,

Defendants.

-------------------------------------------------------------------x

**ANSWER**

Docket No.
06405-07 (JCF)

Defendants, by their attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, as and for their answer to plaintiff's complaint dated June 27, 2007 (the "complaint"), set forth the following:

1. Deny knowledge or information to form a belief as to the allegations contained in ¶ "1" of the complaint.

2. Admit the allegations contained in ¶ "2" of the complaint.

3. Deny the allegations contained in ¶ "3" of the complaint, except admit that defendant Woodbury Automotive Warehouse Enterprises, LLC ("Woodbury Automotive") is a limited liability company duly that, at all relevant times, has been registered with the State of New York.

4. Admit the allegations contained in ¶ "4" of the complaint.

5. Deny the allegations contained in ¶ "5" of the complaint, except admit that Woodbury Automotive is a wholesale automotive parts dealer that, at all relevant times, has been authorized to do business in the State of New York and respectfully refer all questions of law to the Court for adjudication.

6. Deny the allegations contained in ¶ "6" of the complaint, except admit that Woodbury Automotive is a wholesale automotive parts dealer that, at all relevant times, maintains its principal place of business in Suffolk County, and respectfully refer all questions of law to the Court for adjudication.

7. Deny the allegations contained in ¶ "7" of the complaint, except admit that Woodbury Automotive is a wholesale automotive parts dealer that, at all relevant times, maintains its principal place of business in Suffolk County, and respectfully refer all questions of law to the Court for adjudication.

8. Deny the allegations contained in ¶ "8" of the complaint, except admit that plaintiff was an employee of Woodbury Automotive from June of 2004 through February 7, 2006.

9. Deny the allegations contained in ¶ "9" of the complaint, except admit that plaintiff was an employee of Woodbury Automotive from June of 2004 through February 7, 2006.

10. Deny the allegations contained in ¶ "10" of the complaint, and respectfully refer all questions of law to the Court for adjudication.

11. Deny the allegations contained in ¶ "11" of the complaint, and respectfully refer all questions of law to the Court for adjudication.

12. Deny the allegations contained in ¶ "12" of the complaint, and respectfully refer all questions of law to the Court for adjudication.

13. Deny the allegations contained in ¶ "13" of the complaint, and respectfully refer all questions of law to the Court for adjudication.

14. Deny knowledge or information to form a belief as to the allegations contained in ¶ "14" of the complaint, and respectfully refer all questions of law to the Court for adjudication.

15. Deny the allegations contained in ¶ "15" of the complaint.

16. Deny the allegations contained in ¶ "16" of the complaint.

17. Deny the allegations contained in ¶ "17" of the complaint.

18. Deny the allegations contained in ¶ "18" of the complaint.

19. Deny the allegations contained in ¶ "19" of the complaint.

20. Deny the allegations contained in ¶ "20" of the complaint.

21. Deny the allegations contained in ¶ "21" of the complaint.

22. Deny the allegations contained in ¶ "22" of the complaint.

**AS AND FOR A RESPONSE TO PLAINTIFF'S FIRST CAUSE OF ACTION**

23. Defendants repeat and reallege each and every denial set forth in ¶ "1" through "22" of this Answer as if more fully set forth at length herein.

24. Deny the allegations contained in ¶ "24" of the complaint.

25. Deny the allegations contained in ¶ "25" of the complaint.

26. Deny the allegations contained in ¶ "26" of the complaint.

**AS AND FOR A RESPONSE TO PLAINTIFF'S SECOND CAUSE OF ACTION**

27. Defendants repeat and reallege each and every denial set forth in ¶ "1" through "26" of this Answer as if more fully set forth at length herein.

28. Deny the allegations contained in ¶ "28" of the complaint.

29. Deny the allegations contained in ¶ "29" of the complaint.

30. Deny the allegations contained in ¶ "30" of the complaint.

AS AND FOR A RESPONSE TO PLAINTIFF'S THIRD CAUSE OF ACTION

31. Defendants repeat and reallege each and every denial set forth in ¶ "1" through "30" of this Answer as if more fully set forth at length herein.

32. Deny the allegations contained in ¶ "32" of the complaint.

AS AND FOR A RESPONSE TO PLAINTIFF'S FOURTH CAUSE OF ACTION

33. Defendants repeat and reallege each and every denial set forth in ¶ "1" through "32" of this Answer as if more fully set forth at length herein.

34. Deny the allegations contained in ¶ "34" of the complaint.

AS AND FOR A RESPONSE TO PLAINTIFF'S FIFTH CAUSE OF ACTION

35. Defendants repeat and reallege each and every denial set forth in ¶¶ "1" through "34" of this Answer as if more fully set forth at length herein.

36. Deny the allegations contained in ¶ "36" of the complaint.

AS AND FOR A RESPONSE TO PLAINTIFF'S SECOND CAUSE OF ACTION

37. Defendants repeat and reallege each and every denial set forth in ¶ "1" through "36" of this Answer as if more fully set forth at length herein.

38. Deny the allegations contained in ¶ "38" of the complaint.

AS AND FOR A FIRST AFFIRMATIVE DEFENSE

39. The complaint fails to state a cause of action upon which relief may be granted.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE

40. The defendants possessed legitimate, non-discriminatory reasons for their actions.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE

41. One or more of plaintiff's claims are barred by the applicable Statute of Limitations.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

42. Defendants did not discriminate against plaintiff, either on the basis of plaintiff's race or any other protected class.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

43. Defendants have not retaliated against plaintiff.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

44. Defendants have acted within their discretion, and in accordance with defendant Woodbury's needs, procedures, and requirements.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

45. Defendants have acted, at all times relevant to plaintiff's complaint, in conformity with all applicable statutes, laws, rules, and regulations.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

46. Plaintiff's claims are barred by failure to abide by administrative procedures and failure to seek administrative relief, including the provisions of relevant collective bargaining agreements.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

47. Plaintiff has failed to effectuate proper service of process on one or more of the defendants.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

48. Plaintiff voluntarily resigned his position with the Village.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

49. Plaintiff failed to mitigate his damages.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

50. Plaintiff has failed to effectuate proper service of process on one or more of the individual defendants.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

51. The plaintiff failed to avail himself of the protections afforded under the defendant's anti-discrimination policy.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

52. Plaintiff was not subjected to a hostile work environment.

**WHEREFORE,** defendants request judgment dismissing the complaint and denying all relief requested therein, with such other and further relief as the Court deems just, equitable, and proper.

Dated: Mineola, New York
July 19, 2007

MIRANDA SOKOLOFF SAMBURSKY
SLONE VERVENIOTIS LLP
Attorneys for Defendants
WOODBURY AUTOMOTIVE WAREHOUSE ENTERPRISES, LLC and BRIAN SCARANTINO

MICHAEL A. MIRANDA (MAM-6413)
ADAM I. KLEINBERG (AIK-0468)
The Esposito Building
240 Mineola Boulevard
Mineola, New York 11501
(516) 741-7676
Our File No. 06-498

TO: John S. Park, Esq.
PARK & NGUYEN
1809 Paulding Avenue, 2d Floor
Bronx, NY 10462
(718) 892-9500